UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

KEITH PEARCE, individually and
on behalf of all others similarly situated,

    Plaintiff,
vs.

JURY TRIAL DEMANDED

STATE FARM GENERAL INSURANCE
COMPANY, STATE FARM FIRE &
CASUALTY COMPANY, and STATE
FARM FLORIDA INSURANCE
COMPANY,

    Defendants.
_____/

**CLASS ACTION COMPLAINT**

Plaintiff, Keith Pearce, individually and on behalf of all others similarly situated, through undersigned counsel, files this Class Action Complaint against Defendants, State Farm General Insurance Company, State Farm Fire & Casualty Company, and State Farm Florida Insurance Company (collectively, "State Farm"), and alleges the following based on personal knowledge as to allegations regarding the Plaintiff and on information and belief as to other allegations.

**INTRODUCTION**

1. This is a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Plaintiff individually and others similarly situated who were paid a total loss claim pursuant to a State Farm Personal Articles Policy ("PAP") but were not refunded State Farm's unearned premium as required by the policy terms.

2. State Farm's PAPs all contain essentially the same terms. PAP premiums are determined by the "amount insured," which is based on the appraised value of the insured personal

article. In the event of a claim for total loss, however, State Farm does not pay the amount insured, but only the "replacement value" of the insured article as determined by State Farm. When the replacement value paid on a total loss claim is less than the amount insured, the PAPs require State Farm to refund its "unearned premium" – *i.e.*, the difference between the premium actually paid by the insured over the life of the policy (based on the appraised value of the insured article) and the premium that would have been paid based on the ultimate replacement value of the insured article. But State Farm, as a common and uniform business practice and protocol, does not refund this unearned premium, thereby breaching its contracts with members of the Class.

3. As a result, Plaintiff, and each Class Member, has been damaged in the amount of the unearned premium that State Farm should have refunded upon payment of a total loss claim but did not refund.

4. On behalf of himself and the proposed Class, Plaintiff asserts claims for breach of contract and, alternatively, unjust enrichment. Plaintiff, on behalf of himself and the proposed Class, seeks actual monetary damages, restitution, and injunctive relief.

## PARTIES

5. Plaintiff, Keith Pearce, is an individual over the age of 21 residing in Indian River County, Florida, within the Southern District of Florida.

6. State Farm General Insurance Company is an Illinois corporation. State Farm General Insurance Company directed its business activities, including solicitation and execution of PAPs, to residents of the State of Florida, including within the Southern District of Florida, from which it has derived pecuniary gain. State Farm General Insurance Company's principal place of business is located at One State Farm Plaza, Bloomington, Illinois, 61710.

7. State Farm Fire & Casualty Company is an Illinois corporation. State Farm Fire & Casualty Company directed its business activities, including solicitation and execution of PAPs, to residents of the State of Florida, including within the Southern District of Florida, from which it has derived pecuniary gain. State Farm Fire & Casualty Company's principal place of business is located at One State Farm Plaza, Bloomington, Illinois, 61710.

8. State Farm Florida Insurance Company is a Florida corporation. State Farm Florida Insurance Company directed its business activities, including solicitation and execution of PAPs, to residents of the State of Florida, including within the Southern District of Florida, from which it has derived pecuniary gain. State Farm Florida Insurance Company's principal place of business is located at 7401 Cypress Gardens Blvd, Winter Haven, Florida, 33888.

**JURISDICTION AND VENUE**

9. This action is brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

10. This Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because this action is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and certain members of the Class are citizens of a State different from Defendants.

11. Venue is proper pursuant to Chapter 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction in this District. Venue is also proper because Plaintiff resides in this District.

12. This Court may exercise personal jurisdiction over State Farm General Insurance Company pursuant to § 48.193, Fla. Stat., because this action arises out of State Farm General Insurance Company, personally or through an agent, operating, conducting, engaging in, or

carrying out a business or business venture in this State. Further, this Court may exercise personal jurisdiction over State Farm General Insurance Company because it, personally or through an agent, breached a contract within this State. And this Court may further exercise personal jurisdiction over State Farm General Insurance Company because it, personally or through an agent, engaged in substantial and not isolated activity in the State.

13. This Court may exercise personal jurisdiction over State Farm Fire & Casualty Company pursuant to § 48.193, Fla. Stat., because this action arises out of State Farm Fire & Casualty Company, personally or through an agent, operating, conducting, engaging in, or carrying out a business or business venture in this State. Further, this Court may exercise personal jurisdiction over State Farm Fire & Casualty Company because it, personally or through an agent, breached a contract within this State. And this Court may further exercise personal jurisdiction over State Farm Fire & Casualty Company because it, personally or through an agent, engaged in substantial and not isolated activity in the State.

14. This Court may exercise personal jurisdiction over State Farm Florida Insurance Company pursuant to Fed. R. Civ. P. 4(b)(1) because State Farm Florida Insurance Company is a Florida corporation residing in this State.

## SUBSTANTIVE ALLEGATIONS

15. State Farm is the largest provider of property and auto insurance in the United States. Its total revenue in 2021, which includes premium revenue, earned investment income, and realized capital gains (losses), was $82.2 billion.

16. At all times material, the relevant and material terms of State Farm's PAPs were common and uniform across the Class.

17.     Keith Pearce agreed to a State Farm PAP in January of 2016 to insure a diamond pendant. The amount insured was $34,496.00, which was based on an appraisal that State Farm required Mr. Pearce to obtain before issuing the policy.

18.     Paragraph 3 of the PAP "Conditions" provides as follows:

**Loss Settlement**:
We have the option of repairing or replacing the lost or damaged property. Unless otherwise stated in this policy, covered property values will be determined at the time of loss or damage. We will pay the cost of repair or replacement, but not more than the smallest of the following amounts:
   a. the full amount of our cost to repair the property to its condition immediately prior to the loss or damage;
   b. the full amount of our cost to replace the item with one substantially identical to the item lost or damaged;
   c. any special limit of liability described in this policy; or
   d. the limit of liability applicable to the property.

19.     Paragraph 5 of the PAP "Conditions" provides as follows:

**Loss Clause**: The amount of insurance under this policy will not be reduced except for a total loss of the scheduled item. We will refund the unearned premium applicable to such item after the loss or you may apply it to the premium due for the replacement of the scheduled item.

20.     After the pendant was stolen on January 15, 2021, Mr. Pearce made a claim for total loss under the State Farm PAP. State Farm paid that claim in the amount of $12,741.66 (37% of the amount insured), which according to State Farm represented the pendant's purported "replacement value" as set forth in Paragraph 3(b) of the policy "Conditions."

21.     Pursuant to Paragraph 5 (Loss Clause), State Farm was required to refund its unearned premium, *i.e.*, the difference between the premium Mr. Pearce paid over the life of the policy for the amount insured ($34,496.00) and the premium he would have paid to insure the article based on the replacement value ($12,741.66). But State Farm never refunded its unearned premium to Mr. Pearce, thereby breaching the parties' agreement.

22.     State Farm has engaged in the same, uniform unlawful conduct with respect to the entire Class. State Farm requires that the amount insured under its PAPs be determined by the appraised value of the article. State Farm knows that appraisals typically inflate the value of personal articles and that the amount insured under its PAPs is much greater than the replacement cost of the insured item. State Farm, therefore, collects premiums based on an amount insured that far exceeds its actual exposure under its PAPs.

23.     In the event of a total loss, the PAPs require State Farm to refund the excess, unearned premium it collected over the life of the policy based on the inflated amount insured. But State Farm, as a uniform practice and policy, does not refund its unearned premium after paying claims for total loss under its PAPs, thereby breaching its agreements with Class members.

## CLASS REPRESENTATION ALLEGATIONS

24.     Plaintiff brings this action on his own behalf and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class Plaintiff proposes to represent is defined as follows:

> All persons who, since January 31, 2017, were paid a claim for total loss pursuant to a PAP policy issued by State Farm and were not refunded the unearned premium that State Farm collected over the life of the policy (the "Class").

Excluded from the Class are Defendants, their parents, subsidiaries and affiliates, their directors and officers, and members of their immediate families. Also excluded from the Class are the Court, the spouse or partner of the Court, if applicable, all persons within the third degree of relationship to the Court and its spouse or partner, and the spouses of all such persons.

25.     The prerequisites to class representation pursuant to Rule 23(a) are present in this action as follows:

A. **Numerosity**. The members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable. While the exact number and identities of members of the Class are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes and therefore avers that there are thousands of Class members in the State of Florida and throughout the United States.

B. **Commonality**: There are questions of fact and law common to the claims of Plaintiff and the members of the Class that predominate over any questions affecting any individual members including, among others, the following questions:

1. Whether State Farm breached its PAPs by failing to refund its unearned premium to Class members following payment of a claim for total loss; and

3. Whether State Farm was unjustly enriched by failing to refund its unearned premium to Class members following payment of a claim for total loss pursuant to its PAPs.

C. **Typicality**. Plaintiff's claims are typical of the claims of the other members of the Class in that Plaintiff alleges a common course of conduct by Defendants towards members of the Class. Plaintiff, like other members of the respective Class, was paid a claim for total loss pursuant to a PAP issued by State Farm, but State Farm failed to refund its unearned premium in violation of the terms of that policy. Plaintiff and the other members of the Class seek identical remedies under identical legal theories, and there is no antagonism or material factual variation between Plaintiff's claims and those of the respective Class.

D. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's claims are coextensive with, and not antagonistic to, the claims of the other members of the Class. Plaintiff is willing and able to vigorously prosecute this action on behalf of the Class, and Plaintiff has retained competent counsel experienced in litigation of this nature.

26. Plaintiff brings this action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because common questions of law and fact predominate over questions of law and fact affecting individual members of the Class. Indeed, the predominant issues in this action are whether State Farm has, in a uniform manner, failed to refund its unearned premium to members of the Class after paying claims for total loss under its PAPs, and whether this conduct constitutes a breach of its PAPs.

27. The expense of litigating each Class member's claim individually would be so cost prohibitive as to deny Class members a viable remedy. Should individual Class members be required to bring separate actions, this Court would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by this Court. Certification under Rule 23 of the Federal Rules of Civil Procedure is, therefore, appropriate because a class action is superior to the other available methods for the fair and efficient adjudication of this action, and Plaintiff envisions no unusual difficulty in the management of this action as a class action.

## COUNT I
## BREACH OF CONTRACT

28. Plaintiff hereby adopts and incorporates by reference paragraphs 1 to 27 as if fully set forth herein.

29. The PAP agreed to by State Farm and Plaintiff was a valid, binding contract.

30. Plaintiff has performed all, or substantially all, of the obligations imposed on him under the contract.

31. State Farm materially breached the contract by failing to refund its unearned premium to Plaintiff after paying a claim for total loss of the insured article.

32. State Farm's breach of the contract was the actual and proximate cause of damages suffered by Plaintiff and the Class.

## COUNT II
## UNJUST ENRICHMENT

33. Plaintiff hereby adopts and incorporates by reference paragraphs 1 to 27 as if fully set forth herein.

34. This Count is pled in the alternative to Count I – Breach of Contract.

35. As a result of the conduct described in this Complaint, State Farm retained unearned premiums to which it was not entitled and was, therefore unjustly enriched.

36. In equity and good conscience, State Farm should not be permitted to retain the unearned premiums paid by Plaintiff and members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against State Farm as follows:

A. An order certifying the Class under the appropriate provisions of Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his legal counsel to represent the Class;

B. Damages as provided by law;

C. Restitution in the amount of unearned premiums State Farm has inequitably retained;

D. Pre-judgment and post-judgment interest to the Class, as allowed by law;

E. Reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary benefits are obtained on behalf of the Class;

F. Injunctive relief requiring State Farm to honor its obligation under its PAPs to refund unearned premiums following payment of a claim for total loss of the insured item; and

G. Such other and further relief as is just and proper.

## JURY TRIAL DEMAND

Plaintiff, individually and on behalf of all members of the proposed Class, hereby demands a trial by jury on all issues so triable.

DATED this 13th day of October, 2022        Respectfully Submitted,

/s/ *Peter Prieto*
PETER PRIETO
pprieto@podhurst.com
Florida Bar No. 501492
John Gravante
jgravante@podhurst.com
Florida Bar No. 617113
Matthew Weinshall
mweinshall@podhurst.com
Florida Bar No. 84783
**PODHURST ORSECK, P.A.**
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800
Fax: (305) 358-2382

Michael Rudd
mrudd@rudddiamond.com
Florida Bar No. 782416
Rudd & Diamond PA
400 Hollywood Blvd., Suite 120-N
Hollywood, Florida 33021
Phone: (954) 961-5059
Fax: (954) 961-8953